**SO ORDERED.**

**SIGNED August 31, 2006.**



_____
**GERALD H. SCHIFF**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

KRISTY GOTT                                    CASE NO. 05-21658

    Debtor                                     CHAPTER 7

-----------------------------------------------------------------
REASONS FOR DECISION
-----------------------------------------------------------------

Kristy Gott filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 13, 2005 ("Petition Date"). The Debtor received a discharge on February 21, 2006. Subsequently, on March 31, 2006, the Debtor filed an Amended Schedule C to add a claimed exemption to a "50 X 100 lot at 4108 Sherry, Sulphur, LA." Ford Motor Credit Company ("Ford") has filed an Objection to Homestead Exemption. A hearing on the matter was held on May 11, 2006, at which time the matter was taken under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## LAW AND ANALYSIS

Louisiana is an "opt out" state as its legislature, pursuant to the authority of section 522(b), determined that persons filing for bankruptcy in Louisiana should be entitled to claim only those exemptions permitted by state and non-bankruptcy federal law. LSA-R.S. 13:3881(B). Further, the United States Supreme Court has held that in cases involving exemptions in opt out states, the law of the state determines the scope of the exemption. <u>Owen v. Owen</u>, 500 U.S. 305, 308, 111 S.Ct. 1833, 1835 (1991) ("Nothing in subsection (b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all.")

Article XII, Section 9, of the Louisiana Constitution directs

the legislature to enact laws relating to the homestead exemption:

> The legislature shall provide by law for exemptions from seizure and sale, as well as waivers of and exclusions from such exemptions. The exemption shall extend to at least fifteen thousand dollars in value of a homestead, as provided by law.

In response to this directive, the Louisiana legislature did in fact provide for homestead exemptions. The current iteration of the homestead exemption is contained in LSA-R.S. 20:1, which provides in relevant part:

> A. (1) The bona fide homestead consists of a residence occupied by the owner and the land on which the residence is located, including any building and appurtenances located thereon, and any contiguous tracts up to a total of five acres if the residence is within a municipality, or up to a total of two hundred acres of land if the residence is not located in a municipality.

> (2) The homestead is exempt from seizure and sale under any writ, mandate, or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to twenty-five thousand dollars in value of the homestead . . . .

\*          \*          \*

## DISCUSSION

Ford, which holds a judgment against the Debtor, has objected to the Debtor's claimed exemption on the basis that the property is not an immovable residence and that the Debtor was not residing on the property at the time the case was filed.

According to the Debtor's testimony, she previously resided in a mobile home located on the lot at issue with Roger Ray, the

father of her child.  In 2003, she left the mobile home and moved in with her parents due to threats of violence from Mr. Ray. Sometime in late 2004 or early 2005, after Mr. Ray left the mobile home, she moved back into the mobile home with her child briefly until Mr. Ray started showing up to harass her once again.  She thereafter moved back in with her parents and was residing with them at the time the petition was filed. She has sought restraining orders against Mr. Ray in state court.  The Debtor testified that once the domestic issues are resolved and she no longer fears for the safety of herself and her child, she intends to obtain another mobile home and move it onto the lot.

Exemptions are determined based upon the circumstances existing on the date the petition for relief is filed.  In this case, that day was October 13, 2005.  The Debtor was not living in the mobile home for the reasons set forth above.  Under those circumstances, if those were the sole circumstances for the court to consider, the court would conclude that the Debtor had not abandoned the homestead.  See, In re Chalin, 21 B.R. 885 (Bankr. W.D. La. 1982).

Unfortunately for the Debtor, however, those are not the only circumstances which the court has considered.  Accompanying the Debtor's petition was the Statement of Intentions required by section 521(2)(A):

Page 4

The debtor shall—

* * *

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate -

(A) Within thirty days after the date of the filing of the petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, <u>the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property</u> and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

Here, the Statement of Intentions was filed with the voluntary petition. With respect to the mobile home, the Debtor indicated an intent to surrender the mobile home to the secured creditor, Bombardier Capital. With this additional fact being considered by the court, the conclusion is inescapable that on the Petition Date, the Debtor's intent was to abandon the mobile home, thus negating any effect the <u>Chalin</u> decision has on the instant case.

Further, as stated above, the Debtor testified that she intended to acquire another mobile home and place it on the lot. Her subsequent amendment to Schedule C thus attempts to claim the homestead exemption on vacant land. Vacant land, however, will not support a claim of homestead exemption under the Louisiana statutes.

Page 5

For the foregoing reasons, the court finds that the Debtor has no valid homestead exemption. Accordingly, the Objection to Exemption filed by Ford is **SUSTAINED** and the claimed homestead exemption is **DISALLOWED**. A separate order in conformity with the foregoing reasons has this day been entered into the record of this proceeding.

###